Nathan G. Kanute (CA Bar No. 300946)
SNELL & WILMER L.L.P.
50 West Liberty Street, Suite 510
Reno, Nevada 89501
Telephone: 775-785-5440
E-Mail: nkanute@swlaw.com

Don Bivens *(admitted pro hac vice)*
(AZ Bar No. 005134)
Donald L. Gaffney *(admitted pro hac vice)*
(AZ Bar No. 005717)
SNELL & WILMER L.L.P.
One Arizona Center, Suite 1900
400 East Van Buren Street
Phoenix, AZ 85004-2202
Telephone: (602) 382-6000
Facsimile: (602) 382-6070
Email: dbivens@swlaw.com
          dgaffney@swlaw.com

*Attorneys for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SOLARMORE MANAGEMENT SERVICES, INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>Bankruptcy Estate of DC SOLAR SOLUTIONS, INC. dba DC SOLAR SOLUTIONS MFG, INC. dba DC SOLAR SOLUTIONS MANUFACTURING, INC., a California corporation; Bankruptcy Estate of DC SOLAR DISTRIBUTION, INC., a California corporation; Bankruptcy Estate of DC SOLAR FREEDOM, INC., a California corporation; MATTHEW CARPOFF, an individual; LAUREN CARPOFF, an individual; ROBERT V. AMATO and PRISCILLA AMATO, husband and wife; ROBERT KARMANN, an individual; RONALD J. ROACH, an individual; SEBASTIAN JANO, an individual; STEVE WILDE, an individual; PATRICK MOORE, an individual; HALO MANAGEMENT SERVICES LLC, a Nevada limited liability company; ALVAREZ & MARSAL VALUATION SERVICES, LLC, a Delaware limited liability company; BARRY | Case No. 2:19-cv-02544-JAM-DB<br><br>**INITIAL *EX PARTE* MOTION TO EXTEND TIME FOR SERVICE OF COMPLAINT**<br><br>Complaint Filed: December 17, 2019<br>Current Service Deadline:<br>March 16, 2020<br>Requested Extended Deadline:<br>June 15, 2020<br>Trial Date: None Set |

HACKER, an individual; MARCELO BERMUDEZ, an individual; COHNREZNICK, LLP, a New Jersey limited liability partnership; SCOTT WENTZ, an individual; RAINA YEE, an individual; VISTRA INTERNATIONAL EXPANSION (USA) INC., fka RADIUS GGE (USA), INC., fka HIGH STREET PARTNERS INC., a Maryland corporation; RADIUS GGE (USA), INC., fka HIGH STREET PARTNERS INC., a Maryland corporation; MONTAGE SERVICES, INC., a California corporation; HERITAGE BANK OF COMMERCE, a California corporation; DIANA KERSHAW, an individual; CARSON TRAILER, INC., a California corporation; DAVID ENDRES, an individual; AHERN RENTALS INC., a Nevada corporation; RYAN GUIDRY, an individual; JULIE MURACO, an individual; PRAEDITIS GROUP LLC, a Delaware limited liability company; THE STRAUSS LAW FIRM, LLC, a South Carolina limited liability company; PETER STRAUSS, an individual; PANDA BEAR INTERNATIONAL, LTD., a Hong Kong corporation; PANDA SOLAR SOLUTIONS LLC, a Nevada limited liability corporation; DC SOLAR INTERNATIONAL, INC., a Nevis corporation; BAYSHORE SELECT INSURANCE, a Bahamian Corporation; CHAMPION SELECT INSURANCE, a Bahamian Corporation; JPLM DYNASTY TRUST, a Cook Island Trust; BILLIE JEAN TRUST, a Cook Island Trust; SOUTHPAC INTERNATIONAL, INC., a Cook Islands Corporation,

Defendants.

Pursuant to Fed. R. Civ. P. 4(m) and Local Rule 144, Plaintiff Solarmore Management Services, Inc. ("**Solarmore**" or "**Plaintiff**") respectfully requests that the Court enter an order extending the time for Plaintiff to serve summons and the complaint ("**Complaint**") in this action upon the Defendants by ninety (90) days, through and including June 15, 2020. As set forth below, "good cause" exists to extend the Plaintiff's deadline to serve the Complaint due to, among other things, the complex nature of this litigation, the ongoing related criminal cases of certain defendants bringing to light new information, and

2  **INITIAL *EX PARTE* MOTION TO EXTEND TIME FOR SERVICE OF COMPLAINT**

the Plaintiff's need to amend the Complaint to add that key information and defendants previously subject to tolling agreements. This Motion is supported by the following Memorandum of Points and Authorities, the *Declaration of Nathan G. Kanute in Support of Initial Ex Parte Motion to Extend Time for Service of Complaint* (the "**Affidavit**"), filed concurrently herewith, and the entire record in this case.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.  BACKGROUND

1. The Complaint in this matter was filed on December 17, 2019, out of an abundance of caution due to the potential impending statute(s) of limitation with respect to some of the claims contained therein.

2. As such, Plaintiff was still in the process investigating facts, potential causes of actions and defendants in relation to this matter.

3. Additionally, certain Defendants and potential defendants have and continue to enter into plea agreements in related criminal actions, bringing to light additional information relevant to this matter and Plaintiff's Complaint and potential additional parties to be added as defendants. *See, e.g., United States v. Bayliss*, Case No. 2:19-cr-00182-JAM, *United States v. Roach*, Case No. 2:19-cr-00182-JAM, *United States v. Guidry*, Case No. 2:20-cr-00003-JAM, *United States v. Karmann*, Case No. 2:19-cr-00222-JAM, *United States v. Jeff Carpoff*, Case No. 2:20-cr-00017-JAM, and *United States v. Paulette Carpoff*, Case No. 2:20-cr-00018-JAM.

4. Furthermore, Plaintiff had previously entered into tolling agreements with certain individuals and entities which would have otherwise been named as defendants in this action. Plaintiff has terminated some of those tolling agreements and the tolling period are only recently ending or will be ending soon.

5. Based on all of the foregoing, Plaintiff is in the process of amending the Complaint to add additional Defendants, additional claims, and new facts that are only still coming to light.

6.   On January 13, 2020, this Court entered its *Order Requiring Service of Process and Joint Status Report* [Dkt. No. 11] (the "**Service Order**"), ordering, among other things, the Plaintiff to serve the Complaint on the Defendants within ninety (90) days of the date it was filed.

7.   Accordingly, the current deadline for the Plaintiff to serve the Complaint is March 16, 2020.

8.   To date, and for the reasons set forth above, the Complaint has not yet been served on any Defendant in this case.

## II.   ARGUMENT

Fed. R. Civ. P. 4(m) (as well as this Court's Service Order) requires that a complaint be served within ninety (90) days of filing, but allows for that time to be extended upon a showing of good cause. *See* Fed. R. Civ. P. 4(m). Whether good cause for delay has been shown is determined on a case by case basis. *In re Sheehan, 253 F.3d 507, 512 (9th Cir. 2001).*

Here, good cause exists under Rule 4(m) to extend the time for Plaintiff to serve the Complaint, for several reasons. First, this action is highly complex, both legally and factually. The Complaint names forty (40) Defendants and contains over fifty (50) pages of allegations and claims. Plaintiff believes that the fraud occurring spans nearly a decade and involves a number of parties who were either directly involved in the fraud or aided the fraud. Second, certain Defendants and potential defendants have entered into plea agreements in no less than six (6) related criminal actions pending before this Court, all in connection with the acts detailed in and underlying the Plaintiff's Complaint, with more expected in the future. With each plea agreement that is filed, Plaintiff learns of new facts or new parties that Plaintiff will want to include in this litigation. Third, prior to filing the Complaint, the Plaintiff entered into tolling agreements with certain individuals and/or entities who would have otherwise been named in the Complaint. Plaintiff had to give

notice to terminate a number of those agreements. Those tolling periods have only recently been terminated or will be terminating soon.

Accordingly, and due to the ongoing factual investigation related to this case, the Plaintiff plans to amend its Complaint in the very near future to add additional defendants and causes of action. Plaintiff has not served the Defendants with the Complaint given its intention to file an amended complaint and the time and expense to serve the Complaint on forty (40) Defendants, then serve the amended pleading as well. Additionally, if the Complaint had been served, Defendants' deadlines for filing responsive pleadings would have started to run. It would have been inefficient to have Defendants start responding to a pleading that was going to be amended.

Plaintiff had hoped that it would be able to amend the Complaint and serve the Defendants in advance of the March 16th deadline. Given the foregoing issues, in particular the plea agreements that continue to be filed in the related criminal actions, that has not proven possible. In fact, there is a change of plea hearing that is not set until March 31, 2020. Plaintiff expects that additional facts will be admitted through that plea that Plaintiff would want to include in an amended complaint.

Plaintiff is informed and believes that, even though the Complaint has not been served, many, if not most, of the Defendants to this case have knowledge of the Complaint, and would not be prejudiced by an extension of time for service. Indeed, most Defendants would likely prefer to wait to be served until the Complaint has been amended, thereby avoiding multiple rounds of response and/or motion practice. Moreover, Plaintiff could be severely prejudiced if the Complaint were dismissed. Notably, the Plaintiff filed the Complaint at the time it did out of an abundance of caution, in order to avoid the potential lapse of statute(s) of limitations with respect to certain claims in the Complaint. The Ninth Circuit has held that "relief under Rule 4(m) may be justified, for example, if the applicable statute of limitations would bar the re-filed action." *Lemoge v. United States*, 587 F.3d

1188, 1195 (9th Cir. 2009) (citations omitted). As such, the Court should extend Plaintiff's deadline to serve the Complaint for good cause under Rule 4(m).

Alternatively, even if this Court cannot find "good cause" as set forth in Rule 4(m) to extend the time for Plaintiff to serve the Complaint, it may still extend the deadline in its discretion. *Sheehan*, 253 F.3d at 512; *see also United States v. 2,164 Watches, More or Less Bearing a Registered Trademark of Guess?, Inc.*, 366 F.3d 767, 772 (9th Cir. 2004) (even in the absence of good cause, a court may still extend the time for service in its discretion); *Efaw v. Williams*, 473 F.3d 1038, 1040 (9th Cir. 2006) (courts have broad discretion to extend time for service). District courts may consider factors such as a statute of limitations bar, prejudice to defendant, actual notice, and eventual service. *Williams*, 473 F.3d at 1041. Here, as stated above, there is a potential statute of limitations bar, the Defendants (most of whom have actual notice of this action) will not be prejudiced, and Plaintiff plans to soon file and serve an amended complaint. As stated by this Court in *Arcure v. California Dept. of Developmental Services*, "dismissing without prejudice Plaintiffs' complaint and allowing Plaintiffs to refile their complaint would risk wasting the resources of this Court." 2014 WL 346612, *3 (E.D. Cal. Jan. 30, 2014) (motion to dismiss complaint as untimely served denied where defendants did not show they had or would suffer prejudice as result of delayed service). Therefore, if not for good cause, the Court should extend the deadline for service in its discretion.

## III. CONCLUSION

Based on the foregoing, the Plaintiff respectfully requests that the Court enter an order granting this Motion and extending the time for the Plaintiff to serve its Complaint on the Defendants, through and including June 15, 2020. A proposed form of order is attached hereto as Exhibit 1 and has been lodged on this date.

DATED: March 3, 2020

        SNELL & WILMER L.L.P.

By: */s/ Nathan G. Kanute*
    Nathan G. Kanute
    50 W. Liberty Street, Suite 510
    Reno, NV  89501

    Don Bivens *(admitted pro hac vice)*
    Donald L. Gaffney *(admitted pro hac vice)*
    One Arizona Center, Suite 1900
    400 East Van Buren Street
    Phoenix, AZ 85004-2202
    *Attorneys for Plaintiff*

**PROOF OF SERVICE**

I, Kelley Nestuk, declare as follows:

I am employed in Orange County, Costa Mesa, California. I am over the age of eighteen years and not a party to this action. My business address is Snell & Wilmer L.L.P., 600 Anton Blvd., Suite 1400, Costa Mesa, California, 92626. On March 3, 2020, I served the within:

**INITIAL *EX PARTE* MOTION TO EXTEND TIME FOR SERVICE OF COMPLAINT**

on the interested parties in this action addressed as follows:

☒ (**BY ELECTRONIC MAIL**) By transmitting such document(s) electronically via the Eastern District of California's CM/ECF system, to the persons at the electronic mail addresses listed above.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and that this declaration was executed on March 3, 2020, at Costa Mesa, California.

/s/ Kelley Nestuk
Kelley Nestuk