UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SOLARMORE MANAGEMENT SERVICES, INC., a California Corporation,

Plaintiff,

v.

BANKRUPTCY ESTATE OF DC SOLAR SOLUTIONS, et al.,

Defendants.

No.  2:19-cv-02544-JAM-DB

**ORDER GRANTING DEFENDANT HERITAGE BANK'S MOTION TO DISMISS, GRANTING DEFENDANT DIANA KERSHAW'S MOTION TO JOIN AND DENYING DEFENDANT HALO'S MOTION TO JOIN**

I.   FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND[1]

This action arises from a fraudulent scheme involving the sale of mobile solar generators.  From 2011 to 2018, operators of the scheme, built and sold thousands of these generators.  First Am. Compl. ("FAC") at 5, ECF No. 41.  Purchasers paid $150,000.00 for each, with a down payment between $35,000.00 and $45,000.00, and a promissory note for the balance payable over twenty years. Id.  Purchasers were told the generators would be sublet to end users which would provide a steady flow of revenue to cover any amount owed on the promissory note.  Id.  The operators also

---

[1] This motion was determined to be suitable for decision without oral argument.  E.D. Cal. L.R. 230(g).  The hearing was scheduled for June 8, 2021.

represented that the generators qualified for certain energy tax
credits.  Id.  In actuality, many of the purchased generators
were never built.  Those that were built were not worth
$150,000.00, as there was never a market for them and thus no
prospects for the promised sublease revenues, and they did not
qualify for the represented tax credits.  Id.

Plaintiff Solarmore Management Services, Inc. is a
California corporation and part owner of various limited
liability companies ("LLCs") that purchased mobile solar
generators.  Id. ¶¶ 1-5.  Plaintiff brought this action against
three groups of Defendants: (1) Defendants who orchestrated and
perpetuated the fraudulent enterprise; (2) Defendants who aided
and abetted the fraudulent enterprise; and (3) Defendants who
facilitated by hiding money and mobile solar generators (or the
lack thereof) from purchases and other investigating parties.
Id. at 6.  Relevant to this motion, Defendant Heritage Bank of
Commerce ("Heritage Bank"), is alleged to have aided and abetted
the fraudulent enterprise.  Id. ¶ 61.  Specifically, Plaintiff
claims that Diana Kershaw, acting as an officer, agent, or
employee of Heritage Bank, cooperated with the operators of the
scheme to conceal or restrict information from Plaintiff about
its accounts with Heritage Bank.  Id. ¶¶ 61-63.

Plaintiff asserts three claims against Heritage Bank:
(1) count seven for civil conspiracy; (2) count nineteen for
negligent misrepresentation; and (3) count twenty for equitable
contribution/indemnification.  Id. at 69, 76, 77.  Heritage Bank
moves to dismiss all claims against it.  Def. Heritage Bank's
Mot. to Dismiss ("Mot."), ECF No. 84.  Plaintiff opposes this

1  Motion.  Pl.'s Opp'n ("Opp'n"), ECF No. 113.  Defendants Halo and

2  Diana Kershaw seek to join Heritage Bank's Motion.  See Def.

3  Halo's Notice of Joinder, ECF No. 86; Def. Kershaw's Notice of

4  Joinder, ECF No. 96.  For the reasons stated below, the Court

5  grants the Motion to Dismiss all claims against Heritage Bank and

6  Diana Kershaw.  Halo's request to join the Motion is denied.

7                          II.   OPINION

8        A.   Judicial Notice

9        Heritage Bank requests the Court take judicial notice of

10  the California Secretary of State Entity Detail page for

11  Solarmore Management Services, Inc. and a copy of a Motion for

12  Order Approving Compromise and Settlement Agreement and Award of

13  Contingency in the In re Double Jump, Inc., bankruptcy action.

14  See Def. Heritage Bank's Req. for Judicial Notice ("RJN"), ECF

15  No. 84-2.  Plaintiff did not oppose this request.  The printouts

16  from the California Secretary of State are a matter of public

17  record whose accuracy cannot be reasonably questioned.  See

18  Champion Courage Ltd. v. Fighter's Mkt., Inc., No. 17-01855-AJB-

19  BGS, 2018 WL 1920201, at *2 (S.D. Cal. Apr. 24, 2018).

20  Accordingly, the Court grants Heritage Bank's request.  The

21  Court, however, does not rely on the second exhibit in this

22  opinion.  Thus, it is denied as moot.

23       B.   Joinder

24       Defendant Halo Management Services LLC and Diana Kershaw

25  seek to join Heritage Bank's Motion to Dismiss.  See Def. Halo's

26  Notice of Joinder; Def. Kershaw's Notice of Joinder.  A Rule

27  12(b) motion must be made before filing an answer.  Fed. R. Civ.

28  P. 12(b).  Here, Halo filed an answer on February 18, 2021, 55

days before the filing of the Motion to Dismiss.  <u>See</u> Halo's
Answer, ECF No. 52.  Thus, Halo's joinder request is untimely.
However, the defense of a failure to state a claim upon which
relief can be granted may also be made in a motion for judgment
on the pleadings but only after the pleadings have closed.  Fed
R. Civ. P. 12(h)(2)(B); <u>id.</u> 12(c).  Because the pleadings have
not closed, a judgment on the pleadings is premature.
Accordingly, Halo's request to join Heritage Bank's Motion to
Dismiss is denied.  Plaintiff, however, does not advance any
arguments as to why Defendant Kershaw should not be permitted to
join Heritage Bank's Motion.  <u>See generally</u> Opp'n.  Thus,
Defendant Kershaw's request to join the Motion to Dismiss is
granted.

     C.   <u>Legal Standard</u>

As an initial matter, the parties frame the issue of
whether Plaintiff can bring suit for an injury to the LLC as a
Constitutional standing issue appropriate for resolution under
Rule 12(b)(1) of the Federal Rules of Civil Procedure.  <u>See</u> Mot.
at 1, 4-7; Opp'n 3-7.  However, this is really a prudential
standing issue appropriate for resolution under 12(b)(6).  <u>See</u>
<u>Johnson v. Myers</u>, CV-11-00092 JF (PSG), 2011 WL 4533198, at *4
(N.D. Cal. Sept. 30, 2011).

Dismissal is appropriate under Rule 12(b)(6) of the Federal
Rules of Civil Procedure when a plaintiff's allegations fail "to
state a claim upon which relief can be granted."  Fed. R. Civ.
P. 12(b)(6).  "To survive a motion to dismiss a complaint must
contain sufficient factual matter, accepted as true, to state a
claim for relief that is plausible on its face."  <u>Ashcroft v.</u>

1  Iqbal, 556 U.S. 662, 678 (2009) (internal quotation marks and

2  citation omitted).  While "detailed factual allegations" are

3  unnecessary, the complaint must allege more than "[t]hreadbare

4  recitals of the elements of a cause of action, supported by mere

5  conclusory statements."  Id.  "In sum, for a complaint to

6  survive a motion to dismiss, the non-conclusory 'factual

7  content,' and reasonable inferences from that content, must be

8  plausibly suggestive of a claim entitling the plaintiff to

9  relief."  Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir.

10  2009).

11          D.    Analysis

12                1.    Suspension of the Corporate Entity

13          "The capacity of a corporate litigant to sue or be sued in

14  a federal case is directly controlled by Fed. R. Civ. P. 17(b)

15  which provides, in pertinent part, '[t]he capacity of a

16  corporation to sue or be sued shall be determined by the law

17  under which it is organized.'"  Matter of Christian & Porter

18  Aluminum Co., 584 F.2d 326, 331 (9th Cir. 1978) (quoting Fed. R.

19  Civ. P. 17(b)).  California Revenue and Taxation Code Section

20  23301 provides that "[e]xcept for the purposes of filing an

21  application for exempt status or amending the articles of

22  incorporation as necessary either to perfect that application or

23  to set forth a new name, the corporate powers, rights and

24  privileges of a domestic taxpayer may be suspended [. . .] if a

25  taxpayer fails to file a tax return required by this part."

26  Cal. Rev. & Tax. Code § 23301.5.  "This means that a suspended

27  corporation may not prosecute or defend an action."  Timberline

28  Inc. v. Jaisinghani, 54 Cal.App.4th 1361, 1365 (1997).  When a

corporation's suspended status "comes to light during litigation, the normal practice is for the trial court to permit a short continuance to enable the suspended corporation to effect reinstatement." Id. at 1366.

Heritage Bank first argues that this action should be dismissed as Solarmore is a suspended corporation and thus cannot prosecute this action. Mot. at 4. Solarmore concedes that it is a suspended corporate entity. Opp'n at 5. However, it requests a short continuance as it has already cured the deficiencies that caused its suspension and is awaiting reinstatement. Id. While the normal practice is to grant a short continuance to enable the suspended corporation to obtain reinstatement, see Timberline, 54 Cal.App.4th at 1365, the Court declines to do so here, as dismissal is warranted on other grounds for the reasons set forth below.

## 2.   LLC Member Prudential Standing

A direct action by a shareholder or member is a suit to enforce a right which the shareholder or member possesses as an individual. See PacLink Commc'ns Int'l v. Superior Court, 90 Cal.App.4th 958, 964 (2001). In general, shareholders of a corporation or members of an LLC lack prudential standing to assert individual claims based on harm to the corporation or LLC in which they own shares. Erlich v. Glasner, 418 F.2d 226, 227 (9th Cir. 1969); PacLink, 90 Cal.App.4th at 965-66. A derivative suit on the other hand, "seeks to recover for the benefit of the corporation and its whole body of shareholders when [the] injury is caused to the corporation." Jones v. H.F. Ahmanson & Co., 460 P.2d 464, 470 (Cal. 1969). A shareholder or

1   member bringing a derivative action must meet certain procedural

2   requirements.  Fed. R. Civ. P. 23.1; Sax v. World Wide Press,

3   Inc., 809 F.2d 610, 613 (9th Cir. 1987).  "[T]he

4   characterization of an action as derivative or direct is a

5   question of state law."  Sax, 809 F.2d at 613.  Here, The LLCs

6   are California companies, see FAC ¶ 2, accordingly, California

7   law applies.  See Lapidus v. Hecht, 232 F.3d 679, 682 (9th Cir.

8   2000).

9       PacLink Communications International Inc. v. Superior Court

10  is instructive here.  In that case PacLink Communications, an

11  LLC, transferred its assets to a new company.  PacLink, 90

12  Cal.App.4th at 962.  Plaintiffs, members of PacLink, sued

13  alleging this transfer of assets was done without their

14  knowledge or consent.  Id.  The plaintiffs claimed that the

15  transfer rendered PacLink insolvent, defrauding plaintiffs by

16  preventing them from being paid their ownership interest.  Id.

17  at 962-63.  Defendants filed a demurrer arguing that plaintiffs

18  lacked standing as the real party in interest was the LLC and

19  plaintiffs had failed to comply with the procedural requirements

20  of initiating a derivative action.  Id. at 963.  The court

21  agreed, finding the claims belonged to the LLC and were

22  improperly pled as a personal cause of action.  Id. at 965.

23      In so holding, the court explained that the "essence of the

24  plaintiff's claims [were] that the assets of [PacLink] were

25  fraudulently transferred without any compensation being paid to

26  the LLC."  Id. at 964.  It noted that "because members of the

27  LLC hold no direct ownership interest in the company's assets

28  the members cannot be directly injured when the company is

                                    7

1    improperly deprived of those assets." Id. (citing Cal. Corp.

2    Code § 17300).  Rather plaintiffs' "injury was essentially a

3    diminution in the value of their membership interest in the LLC

4    occasioned by the loss of the company's assets" which was merely

5    incidental to the injury suffered by the LLC.  Id.  "Because the

6    gravamen of the complaint [was] injury to the whole body of the

7    LLC's members, it was for the LLC to institute and maintain a

8    remedial action.  A derivative action would have been

9    appropriate if its responsible officials had refused or failed

10   to act." Id. at 966 (quoting Nelson v. Anderson, 72 Cal.App.4th

11   111, 125-26 (1999)).

12       Here, the Complaint alleges that Plaintiff was the managing

13   member and part owner of various LLC's that purchased mobile

14   solar generators.  FAC ¶¶ 2, 5, 114, 115, 122, 131, 134, 139,

15   149, 154, 482.  All the claims against Heritage Bank seek

16   redress from being fraudulently induced to make those purchases.

17   See generally FAC.  Thus, similar to the plaintiffs in PacLink,

18   the harm suffered by Plaintiff was a diminution in the value of

19   its membership interest in the LLCs due to their purchase of

20   generators.  PacLink, 90 Cal.App.4th at 964.  This injury is

21   merely incidental to the injury suffered by the LLC.  Id.

22   "Because the gravamen of the complaint is injury to the whole

23   body of the LLC's members, it [is] for the LLC to institute and

24   maintain a remedial action." Id. at 966 (quoting Nelson v.

25   Anderson, 72 Cal.App.4th at 125-26).

26       Accordingly, Plaintiff lacks prudential standing to bring a

27   direct cause of action and has not purported nor gone through

28   the required steps of bringing a derivative action.  See Opp'n

8

1  at 6.[2]

2                          III.   ORDER

3      For the reasons set forth above, the Court GRANTS Defendant

4  Heritage Bank and Diana Kershaw's Motion to Dismiss all claims

5  against them: count seven for civil conspiracy, count nineteen

6  for negligent misrepresentation, and count twenty for equitable

7  contribution/ indemnification.  These claims are DISMISSED

8  WITHOUT PREJUDICE.  See Fleck & Assocs., Inc. v. City of Phoenix,

9  471 F.3d 1100, 1106-07 (9th Cir. 2006) (dismissal for lack of

10 standing should be without prejudice).  Defendant Halo's request

11 to join the Motion to Dismiss is DENIED.  If Plaintiff elects to

12 amend its complaint, it shall file an Amended Complaint within

13 twenty (20) days of this Order.  Defendants' Heritage Bank and

14 Kershaw's responsive pleadings are due twenty (20) days

15 thereafter.

16     IT IS SO ORDERED.

17 Dated: July 20, 2021

18                                    _____
                                     JOHN A. MENDEZ,
19                                   UNITED STATES DISTRICT JUDGE

20

21

22

23

24

25

26
_____
27 [2] Because dismissal is warranted for this reason, the Court does
   not address the parties remaining arguments as to whether
28 Plaintiff has stated a claim.

                               9